IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA FRANKLIN, Individually and as Personal Representative of the Estate of Ray Franklin, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR INC.,<br>CARLISLE COMPANIES INC.,<br>FEDERAL-MOGUL CORP.,<br>HONEYWELL INTERNATIONAL,<br>and A, B, C & D whose true names are otherwise unknown to Plaintiffs but will be added by amendment when correctly ascertained.<br><br>Defendants. | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Caterpillar Inc. ("Caterpillar") files this Notice of Removal to remove this civil action from the Circuit Court of Calhoun County, Alabama to the United States District Court for the Northern District of Alabama, Eastern Division. This case is removable pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In support of this removal, Caterpillar states the following:

### PROCEDURAL BACKGROUND

1.   This case was originally filed in the Circuit Court of Calhoun County, Alabama, Case No. 11-CV-2013-900183.00, on March 29, 2013. The Complaint alleges various tort



claims against four named defendants, Caterpillar Inc., Carlisle Companies Inc., Federal-Mogul Corp. and Honeywell International, Inc., as well as fictitious defendants A, B, C, & D.

2. A copy of all process, pleadings and orders served upon Defendants is attached hereto as Exhibit A as required by 28 U.S.C. § 1446(a).

## BASIS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists.

3. Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Under 28 U.S.C. § 1441(b), a diversity action is removable if none of the defendants is a citizen of the State in which such action is brought. .

4. None of the Defendants is a citizen of Alabama and the matter in controversy is between citizens of different states. Each defendant is a foreign corporation whose citizenship is diverse from that of Plaintiff.

5. According to her complaint, Plaintiff Donna Franklin is a resident citizen of Alabama.

6. Defendant Caterpillar Inc. is a Delaware corporation with its principal place of business in Illinois.

7. Upon information and belief, Defendant Carlisle Industrial Brake & Friction, Inc., incorrectly named as Carlisle Companies Inc., is a Delaware corporation with its principal place of business in North Carolina.

8. Upon information and belief, Defendant Honeywell International, Inc. is a Delaware corporation with its principal place of business in New Jersey.

9. Upon information and belief, Defendant Federal-Mogul Corp. is a Michigan corporation with its principal place of business in Michigan.

10. None of the fictitious defendants in this action are considered to be citizens of the State of Alabama for purposes of determining diversity jurisdiction. Accordingly, complete diversity exists among the Plaintiff and each named Defendant in this case.

### B. The Amount in Controversy Requirement is Satisfied.

11. Although not artfully stated, Plaintiff's complaint is a wrongful death action. Plaintiff contends that Defendants designed, manufactured and/or distributed asbestos-containing products to which Plaintiff's decedent allegedly was exposed and which allegedly caused his death. *See* Complaint at ¶ 3. Plaintiff's complaint asserts various tort claims against Defendants, including AEMLD, negligence and intentional tort. Caterpillar denies the allegations of Plaintiff's complaint and denies that it is liable for any damages to Plaintiff.

12. Plaintiff's complaint does not contain an *ad damnum* or otherwise specify the amount of claimed damages. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332.

13. Eleventh Circuit precedent establishes that when a complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs. *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The preponderance of the evidence standard requires a removing defendant to "establish the amount in controversy by [t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Id.* at 754.

14. Where there are such deficiencies in the complaint, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional requirement. *See id.* at 754. The Eleventh Circuit has made it clear that:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations omitted).

> This common-sense approach to deciding a jurisdictional challenge is especially useful in cases brought under Alabama's Wrongful Death Act, in which no compensatory damages may be recovered. Restricting recovery to only punitive damages eliminates many of the traditional means available to defendants to obtain information about the value of claims.

*Id.* at 1063-64.

15. In a wrongful death action under Alabama law, the plaintiff may only potentially recover punitive damages (and not compensatory damages) directly related to the level of wrongdoing. *See Cherokee Elec. Co-op. v. Cochran*, 706 So. 2d 1188, 1193 (Ala. 1997) ("The determination of damages in wrongful death cases is governed by § 6-5-410, Ala. Code 1975, which authorizes punitive damages but does not authorize compensatory damages."); *see also Boudreaux v. Pettaway*, 108 So. 3d 486, 507 (Ala. 2012) ("The amount of damages should be directly related to the amount of wrongdoing on the part of the Defendants.").

16. In the wrongful death case of *Roe v. Michelin North America, Inc.*, the district court noted that it need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009). The court went on to state that it could not "imag[ine] a plaintiff's lawyer saying with a straight face that this wrongful-death case should be valued at no more than $75,000. Such a representation would fail the so-called 'laugh test.'" *Id.*[1] The Eleventh Circuit agreed with Judge Thompson's conclusions that the value of the plaintiff's claims more likely than not exceeds $75,000. *Roe*, 613 F.3d at 1064-65. The purpose of Alabama's Wrongful Death Act "is to prevent death, not to compensate for the loss of human life, which Alabama believes possesses a value 'beyond measure.'" *Id.* at 1065 (internal citation omitted).

---

[1] Judge Thompson also noted that, even if *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) generally precludes removal where damages are not expressly stated, there may exist reason for an exception for wrongful death cases in Alabama. "Alabama is the only State that allows only discretionary punitive damages in wrongful-death cases," the court wrote. "As a result, wrongful-death damages will seldom, if ever, be reduced to dollar figures as a formal part of the litigation except in final settlement or at trial, with the result that Alabama's wrongful-death cases (unlike Georgia's and Florida's) will seldom, if ever, be removable to federal court... Surely, unless clearly and absolutely required by law, *Lowery* should not be interpreted to foreclose, essentially singularly and categorically, the removal of Alabama wrongful-death cases within the Eleventh Circuit." *Id.* at 999-1000.

17. In another wrongful death action, Judge Coogler also agreed with Judge Thompson. "'Readily deducible' must mean then, as Judge Thompson found in *Roe*, that the parties and the court are required to use good common sense to determine if the allegations made in the complaint plainly put the amount in controversy in excess of $75,000." *Ivy v. Thor Industries, Inc.*, No. 7:09-CV-01675, slip op. at 15 (N.D. Ala. Jan. 11, 2010) (attached hereto as Exhibit B). Similar to the allegations made here against Caterpillar, the plaintiffs in *Ivy* maintained that the defendants' negligence and wantonness in causing an automobile accident resulted in a death. *Id.* at 3. "[J]urisdiction is based on the amount *in controversy*, not the eventual liability. There is no doubt in the minds of any party in this matter – neither Plaintiffs, Defendants, nor the Court – that the amount in controversy exceeds $75,000." *Id.* at 16 (emphasis in original). *See also Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 (S.D. Ala. 2009) ("The complaint alleges that the defendants wantonly took human life. Given that Alabama law views every human life as precious and requires juries to consider the finality of its premature destruction in assessing damages, the Court concludes that it is readily deducible from the complaint that the amount in controversy exceeds $75,000.").

18. Plaintiff's complaint also seeks unspecified compensatory damages. If any such damages are recoverable in this action, then the amount in controversy is readily deducible from the allegations made in the complaint. First, Plaintiff alleges that the decedent "suffered both temporary total disability and permanent loss earning capacity and eventually total disability as a result of permanent loss of use of his lung capacity, of which is said by the doctors to be inevitable, and finally ... died as a result of said injuries." (Complaint ¶ 7); *see also Garrick v. Scotch Plywood*, No. 11-00222-CG-N, 2011 WL 2669387, at *4 (S.D. Ala. June 14, 2011) ("Despite plaintiff's contention to the contrary, [the defendant] has established that the amount in

controversy exceeds $75,000 based not only upon plaintiff's allegations that he is totally and permanently disabled but upon the fact that he seeks more than lost wages and alleges that his average weekly earnings were 'approximately $750.00' at the time of the accident."). Plaintiff's complaint also alleges that "as a proximate consequence of the negligence, recklessness, and wantonness ... of the Defendants," the Plaintiff's decedent suffered "total disability as a result of permanent loss of use of his lung capacity, and on October 23, 2011, death." (Complaint ¶ 9); *see also Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010) (finding the amount in controversy met where the plaintiff's complaint indicated that she suffered from a "severe and permanent neurological movement disorder" that would likely be "ongoing").

### C. The Other Prerequisites for Removal Have Been Satisfied.

19. Notice of the filing of this removal is being timely filed with the Clerk of the Circuit Court for Calhoun County, Alabama.

20. All properly joined and served Defendants consent to and join in this removal, as required under 28 U.S.C. § 1446(b)(2)(A). Attached hereto as Exhibit C are the joinders and consents of Carlisle Industrial Brake & Friction, Inc. and Honeywell International, Inc.

21. Upon information and belief, Federal-Mogul Corp. will not make an appearance in this case or answer Plaintiff's complaint. Federal-Mogul's consent, however, is not required for this removal because it is not properly joined party, it is a fraudulently joined defendant, and/or it is a nominal party.

22. Only those defendants "who have been *properly joined* and served must join in or consent to the removal" of an action under § 1441(a). 28 U.S.C. § 1446(b)(2)(A); *see also Maxwell v. E-Z-Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012) (the

requirement that all defendants consent to and join a notice of removal "applies only to defendants properly ... joined in the action."). Because Federal-Mogul was fraudulently joined, it is not a proper defendant, and its consent is not required for this notice of removal. *Maxwell*, 843 F. Supp. 2d at 1213 ("A fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal.").

23. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Though Federal-Mogul is not a "resident defendant," fraudulent joinder is applicable here because removal is frustrated by Plaintiff joining a party against which it has no possibility of establishing a claim as a matter of law.

24. Likewise, nominal parties also are not required to consent to and join a notice of removal. *See Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470-71 (11th Cir. 1986); *see also GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003); see also *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). "To establish that non-removing parties are nominal parties, the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias*, 925 F.2d at 871.

25. There is no possibility that Plaintiff can establish a claim against Federal Mogul because Plaintiff is enjoined from doing so by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On October 1, 2001, Federal-Mogul Corp. and various subsidiaries (collectively, the "Debtors") filed Chapter 11 bankruptcy cases. On

8

November 8, 2007, the Bankruptcy Court entered an order confirming Debtors' Fourth Amended Joint Plan of Reorganization (the "Confirmation Order"). The District Court affirmed both the Confirmation Order of November 14, 2007 and the Debtors' Plan of Reorganization (the "Plan") to allow Federal-Mogul to emerge from bankruptcy. The Plan took effect on December 27, 2007 (the "Effective Date"). As required by the Plan, the Federal-Mogul Asbestos Personal Injury Trust (the "Trust") was established on the Effective Date to process and pay all valid asbestos personal injury claims against Federal-Mogul companies. The rules under which payments can be made are explained in the Federal-Mogul Asbestos Personal Injury Trust Distribution Procedures approved by the Bankruptcy Court. For more background on the Trust, see www.federalmogulasbestostrust.com.

26. Pertinent excerpts of the Confirmation Order, which upon entry became binding in accordance with section 1141(a) of the Bankruptcy Code, are attached hereto as Exhibit D. *See* Confirmation Order at pages 2-3. The Confirmation Order states the Trust "shall assume any and all Asbestos Personal Injury Claims[2], and each of the Debtors, the Reorganized Debtors, and the Released Parties [which includes Federal-Mogul Corp.] shall have no further financial or other obligation, responsibility or liability therefor whatsoever." *See* Confirmation Order at pages 12-13. The Confirmation Order further states that all persons "that hold, have held, or may hold a Claim, Demand, or other debt right, cause of action or liability that is released pursuant to the provisions of the Plan are permanently enjoined from taking any of the following actions on

---

[2] "Asbestos Personal Injury Claim" is defined in the Plan and incorporated into the Order as "claims ... for ... physical, emotional or other personal injuries or other damages (including, without limitation, death) caused, or allegedly caused, in whole or in part, directly or indirectly, by the presence of, or exposure to, asbestos - including, but not limited to, asbestos-containing products, automotive or industrial parts and components, equipment, manufacturing processes, improvements to real property or material manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of Debtors [which includes Federal-Mogul Corp.] ... and arising or allegedly arising, directly, or indirectly, from acts, omissions, business or operations of one or more of the Debtors ...".

account of or based upon such released Claims, Demands, debts, rights, causes of action or liabilities: (i) commencing or continuing any action nor other proceeding against the Released Parties; (ii) enforcing, attaching, collecting or recovering any judgment, award, decree or order against the Released Parties or their respective property ...". *See* Confirmation Order at page 23.

27. In 1994, with the enactment of the Bankruptcy Reform Act of 1994, the trust-injunctions and related procedures developed by the courts in the bankruptcies of *In re Johns-Manville Corp.* and *In re UNR Industries, Inc.* were codified at 11 U.S.C. § 524(g). Section 524(g) of the Bankruptcy Code authorizes a bankruptcy court to confirm a reorganization plan that provides for issuance of an injunction that "channels" all current and future asbestos claims to a trust created by the plan to handle and resolve them. The trust will assume the responsibility for evaluating and paying asbestos claims, and reserving adequate funds for such claims that may arise in the future.

28. Based on the foregoing, there is no possibility that Plaintiff can establish a cause of action against Federal-Mogul Corp. Through its Chapter 11 bankruptcy and the creation of the Trust to compensate current and future plaintiffs for any asbestos liabilities, Plaintiff is enjoined from initiating the instant action against Federal-Mogul, which has been released from any and all asbestos liabilities. Whether it is considered an improperly joined, fraudulently joined or nominal party, consent from Federal-Mogul Corp. is not required for this action to be removed to federal court.

29. The averments contained in this Notice of Removal are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is properly removable to the United States District Court for the Northern District of Alabama Eastern Division.

30. If any question arises as to the propriety of the removal of this action, Caterpillar respectfully requests the opportunity to conduct discovery related to jurisdictional issues. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.");

## CONCLUSION

Defendant Caterpillar Inc. respectfully removes this action from the Circuit Court of Calhoun County, Alabama to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. All of the statutory requirements have been satisfied, and notice is hereby given that this action is removed from the Circuit Court of Calhoun County, Alabama.

Respectfully submitted,

/s/ William L. Waudby
One of the Attorneys for Defendant
Caterpillar Inc.

Of Counsel:

William L. Waudby
D. E. "Brad" Buck, III
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, AL  35203
Telephone: (205) 328-0480
Facsimile:  (205) 322-8007
bwaudby@bakerdonelson.com
bbuck@bakerdonelson.com

## Certificate of Service

I hereby certify that this pleading has been served via electronic mail and/or United States Mail, postage prepaid and properly addressed, on May 10, 2013, to the following counsel of record and parties:

| | |
|---|---|
| Thomas J. Knight<br>Hubbard & Knight<br>1125 Noble Street<br>Anniston, AL 36201<br>email: hubbardknight@msn.com | Attorney for Plaintiff |
| Steve R. Morris<br>P.O. Box 814<br>Wedowee, AL 36278<br>email: stevemorrislaw@yahoo.com | Attorney for Plaintiff |
| S. Allen Baker, Jr.<br>Jenelle R. Evans<br>Balch & Bingham LLP<br>P.O. Box 306<br>Birmingham, AL 35201<br>email: abaker@balch.com<br>email: jevans@balch.com | Attorneys for Carlisle Industrial Brake & Friction, Inc., incorrectly named as Carlisle Companies Inc. |
| Frank E. Lankford, Jr.<br>Huie, Fernambucq &Stewart, LLP<br>Three Protective Center<br>2801 Highway 280 South, Suite 200<br>Birmingham, AL 35223<br>email: fel@hfsllp.com | Attorney for Honeywell International, Inc. |

Federal-Mogul Corporation
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

/s/ William L. Waudby
Of Counsel