

FILED
2013 May-10  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## Calhoun County - State Court Record

**ALABAMA SJIS CASE DETAIL**   **PREPARED FOR: CANDICE SHERMAN**


alacourt.com

County:   11        Case Number:  CV-2013-900183.00     Court Action:
Style:  DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

Real Time

## Case

### Case Information

| | | |
|---|---|---|
| County:  11-CALHOUN | Case Number:  CV-2013-900183.00 | Judge:   JCT:HON JOHN C THOMASON |
| Style:  DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL | | |
| Filed:  03/29/2013 | Case Status:  ACTIVE | Case Type:  WRONGFUL DEATH |
| Trial Type:  BENCH | Track: | Appellate Case:  0 |
| No of Plaintiffs:  1 | No of Defendants:  4 | |

### Damages

| | | |
|---|---|---|
| Damage Amt:  0.00 | Punitive Damages:  0.00 | General Damages:  0.00 |
| No Damages: | Compensatory Damages:  0.00 | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days:  0 | Num of Liens:  0 | Judgment For: |
| Disposition Date of Appeal: | Disposition Judge:  : | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update:  04/01/2013 | Updated By:   VIR |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - FRANKLIN DONNA

#### Party Information

| | | |
|---|---|---|
| Party:   C001-Plaintiff | Name:   FRANKLIN DONNA | Type:   I-INDIVIDUAL |
| Index:   D CATERPILLAR | Alt Name: | Hardship:  No    JID:   JCT |
| Address 1:  1125 NOBLE STREET | Phone:   (256) 237-9586 | |

| Address 2: | | | | | | |
|---|---|---|---|---|---|---|
| City: | ANNISTON | State: | AL | Zip: | 36201-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |

## Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | | Issued Type: | | Reissue: | | Reissue Type: |
|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type |
| Served: | | Service Type | | Service On: | | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | KNI009 | | KNIGHT THOMAS JAMES | HUBBARDKNIGHT@MSN.COM | (256) 237-9586 |
| Attorney 2 | MOR122 | | MORRIS STEVEN ROBERT | STEVEMORRISLAW@YAHOO.COM | (256) 357-9211 |

### Party 2 - Defendant BUSINESS - CATERPILLAR INCORPORATED C/O CT CORPORATION

## Party Information

| Party: | D001-Defendant | Name: | CATERPILLAR INCORPORATED C/O CT CORPORATION | Type: | B-BUSINESS |
|---|---|---|---|---|---|
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | SUITE 605 | | | Phone: | (256) 000-0000 | | |
| Address 2: | 2 NORTH JACKSON ST. | | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | $0.00 | | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | 7012 1640 0002 4908 7896 | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | 04/09/2013 | Issued Type: | C-CERTIFIED MAIL | Reissue: | | Reissue Type: |
|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type: |
| Served: | 04/16/2013 | Service Type | C-CERTIFIED MAIL | Service On: | | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
|        |               |                 |      |       |       |

### Party 3 - Defendant BUSINESS - CARLISLE COMPANIES INCORPORATED

#### Party Information

| | | | | | | |
|--|--|--|--|--|--|--|
| Party: | D002-Defendant | Name: | CARLISLE COMPANIES INCORPORATED | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | 11605N COMMUNITY HOUSE RD | | | Phone: | (256) 000-0000 | |
| Address 2: | SUITE 600 | | | | | |
| City: | CHARLOTTE | State: | NC | Zip: | 28277-0000 | Country | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

#### Court Action

| | | | | | |
|--|--|--|--|--|--|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | 7012 1640 0002 4908 7902 | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

#### Service Information

| | | | | | |
|--|--|--|--|--|--|
| Issued: | 04/09/2013 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 04/12/2013 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type | | Notice of No Service: | Notice of No Answer |

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
|        |               |                 |      |       |       |

### Party 4 - Defendant BUSINESS - HONEYWELL INTERNATIONAL, INC.

#### Party Information

| | | | | | | |
|--|--|--|--|--|--|--|
| Party: | D003-Defendant | Name: | HONEYWELL INTERNATIONAL, INC. | | Type: | B-BUSINESS |
| Index: | C FRANKLIN DON | Alt Name: | | Hardship: | No | JID: | JCT |
| Address 1: | CSC LAWYERS INC. SVC. INC | | | Phone: | (256) 000-0000 | |
| Address 2: | 150 SOUTH PERRY STREET | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

Court Action:

| | | |
|---|---|---|
| Amount of Judgement: $0.00 | | Court Action Date: |
| Cost Against Party: $0.00 | Court Action For: | Exemptions: |
| | Other Cost: $0.00 | Date Satisfied: |
| Comment: 7012 1640 0002 4908 7919 | | Arrest Date |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued: 04/09/2013 Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: Return Type: | Return: | Return Type: |
| Served: 04/11/2013 Service Type C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: Answer Type: | Notice of No Service: | Notice of No Answer. |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| | | | | | |

**Party 5 - Defendant BUSINESS - FEDERAL-MOGUL CORPORATION**

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: D004-Defendant | Name: FEDERAL-MOGUL CORPORATION | | | Type: B-BUSINESS |
| Index: C FRANKLIN DON | Alt Name: | Hardship: No | JID: | JCT |
| Address 1: CSC LAWYERS INC. SVC. | | Phone: (256) 000-0000 | | |
| Address 2: 150 SOUTH PERRY STREET | | | | |
| City: MONTGOMERY | State: AL | Zip: 36104-0000 | Country: | US |
| SSN: XXX-XX-X999 | DOB: | Sex: | Race: | |

## Court Action

Court Action:

| | | |
|---|---|---|
| Amount of Judgement: $0.00 | | Court Action Date: |
| Cost Against Party: $0.00 | Court Action For: | Exemptions: |
| | Other Cost: $0.00 | Date Satisfied: |
| Comment: 7012 1640 0002 4908 7926 | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued: 04/09/2013 Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: Return Type: | Return: | Return Type |
| Served: 04/11/2013 Service Type C-CERTIFIED MAIL | Service On: | Served By: |
| Answer Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| | | | | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $29.48 | $29.48 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $17.22 | $17.22 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV08 | C001 | 000 | $356.00 | $356.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $447.70 | $447.70 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Account | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|----------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|
| 04/08/2013 | CREDIT | CONV | 2013115 | 710650 | $17.22 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | AOCC | 2013115 | 710640 | $29.48 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | CV08 | 2013115 | 710660 | $356.00 | C001 | 000 | | N | | | VIR |
| 04/08/2013 | RECEIPT | VADM | 2013115 | 710570 | $45.00 | C001 | 000 | | N | | | VIR |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 3/29/2013 | 11:32 AM | EODCMP | COMPLAINT E-FILED.  | KNI009 |
| 3/29/2013 | 11:39 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | FILE | FILED THIS DATE: 03/29/2013          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | ASSJ | ASSIGNED TO JUDGE: JOHN C THOMASON          (AV01) | AJA |
| 3/29/2013 | 11:39 AM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | C001 | LISTED AS ATTORNEY FOR C001: KNIGHT THOMAS JAMES | AJA |
| 3/29/2013 | 11:39 AM | C001 | LISTED AS ATTORNEY FOR C001: MORRIS STEVEN ROBERT | AJA |
| 3/29/2013 | 11:39 AM | C001 | C001 PARTY ADDED: FRANKLIN DONNA          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | D001 PARTY ADDED: CATERPILLAR INCORPORATED          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | CERTIFIED MAIL ISSUED: 03/29/2013 TO D001          (AV02) | AJA |
| 3/29/2013 | 11:39 AM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | D002 PARTY ADDED: CARLISLE COMPANIES INCORPORATED | AJA |
| 3/29/2013 | 11:40 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | CERTIFIED MAIL ISSUED: 03/29/2013 TO D002          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | D003 PARTY ADDED: HONEYWELL INTERNATIONAL, INC. | AJA |

| Date | Time | Code | Description | User |
|------|------|------|-------------|------|
| 3/29/2013 | 11:40 AM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE     (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | CERTIFIED MAI ISSUED: 03/29/2013 TO D003    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D003 | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | D004 PARTY ADDED: FEDERAL MOGUL CORPORATION (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | D004 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE     (AV02) | AJA |
| 3/29/2013 | 11:40 AM | D004 | CERTIFIED MAI ISSUED: 03/29/2013 TO D004    (AV02) | AJA |
| 3/29/2013 | 11:40 AM | EFILE | COMPLAINT - SUMMONS | |
| 4/1/2013 | 3:01 PM | SCAN | CASE SCANNED STATUS SET TO: Y       (AV01) | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 NAME CHANGED FROM: CATERPILLAR INCORPORATED | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 ADDR1 CHANGED FROM: C/O C T CORPORATION SYSTEM | VIR |
| 4/9/2013 | 11:26 AM | D001 | D001 ADDR2 CHANGED FROM: 2 NORTH JACKSON ST,STE605 | VIR |
| 4/9/2013 | 11:27 AM | D001 | CERTIFIED MAI ISSUED: 04/09/2013 TO D001    (AV02) | VIR |
| 4/9/2013 | 11:27 AM | D002 | CERTIFIED MAI ISSUED: 04/09/2013 TO D002    (AV02) | VIR |
| 4/9/2013 | 11:29 AM | D003 | CERTIFIED MAI ISSUED: 04/09/2013 TO D003    (AV02) | VIR |
| 4/9/2013 | 11:29 AM | D004 | CERTIFIED MAI ISSUED: 04/09/2013 TO D004    (AV02) | VIR |
| 4/9/2013 | 11:32 AM | D004 | D004 ADDR1 CHANGED FROM: CSC LAWYERS INC. SVC. INC | VIR |
| 4/15/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/15/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/15/2013 | 4:03 PM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/15/2013 | 4:04 PM | ESCAN | SCAN - FILED 4/12/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/15/2013 | 4:04 PM | D003 | SERVICE OF CERTIFIED MAI ON 04/11/2013 FOR D003 | AJA |
| 4/15/2013 | 4:04 PM | D004 | SERVICE OF CERTIFIED MAI ON 04/11/2013 FOR D004 | AJA |
| 4/15/2013 | 4:04 PM | ESCAN | SCAN - FILED 4/11/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/15/2013 | 4:04 PM | D002 | SERVICE OF CERTIFIED MAI ON 04/12/2013 FOR D002 | AJA |
| 4/15/2013 | 4:05 PM | ESCAN | SCAN - FILED 4/11/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/23/2013 | 11:28 AM | ESERC | SERVICE RETURN - TRANSMITTAL | |
| 4/23/2013 | 11:28 AM | ESCAN | SCAN - FILED 4/16/2013 - RETURN OF SERVICE | vickie.l.smith |
| 4/23/2013 | 11:30 AM | D001 | SERVICE OF CERTIFIED MAI ON 04/16/2013 FOR D001 | AJA |

**END OF THE REPORT**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**11-CV-201**<br>Date of Filing:<br>03/29/2013 |  |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF CALHOUN COUNTY, ALABAMA
### DONNA FRANKLIN v. CATERPILLAR INCORPORATED ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS   (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER _____

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes   ☑ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   KNI009        3/29/2013 11:32:48 AM        /s/ THOMAS JAMES KNIGHT

**MEDIATION REQUESTED:**   ☐ Yes   ☐ No   ☑ Undecided



ELECTRONICALLY FILED
3/29/2013 11:32 AM
11-CV-2013-900183.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
ELI HENDERSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| DONNA FRANKLIN, INDIVIDUALLY | ) | |
| AND AS PERSONAL REPRESENTATIVE | ) | |
| OF THE ESTATE OF RAY FRANKLIN, | ) | |
| DECEASED, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| CATERPILLAR INCORPORATED, | ) | |
| | ) | |
| CARLISLE COMPANIES | ) | |
| INCORPORATED; | ) | |
| | ) | |
| FEDERAL- MOGUL CORPORATION; | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL, | ) | |
| | ) | |
| and A, B, C & D whose true names are | ) | |
| otherwise unknown to Plaintiffs but | ) | |
| will be added by amendment when | ) | |
| correctly ascertained. | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff  Donna Franklin, Individually and as Personal

Representative of the Estate of Ray Franklin and states her claims against the above-

named Defendants, as follows:

### I. STATEMENT OF JURISDICTION AND VENUE

1.      The plaintiff and defendants are subject to the jurisdiction of this Court in

that plaintiff is a resident citizen of and was injured in this State and County, said injuries

giving rise to this claim, that material transactions which are the subject matter of this civil

action took place in this state and county, that the defendants caused  injury to plaintiff in

this state and county, in that defendants conduct business by agent in this state and county, and that the Court otherwise has jurisdiction of the subject matter and of the persons of the parties in this civil action.

2.      Plaintiff's decedent, Ray Franklin was  employed by several companies at their facilities located in Alabama, and employed by them in various locations in this county and in state of Alabama.

3.      Defendants were severally the marketer, promoter, seller, manufacturer, distributor and entity which did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, fail to warn, and otherwise handle and distribute asbestos containing products. Each defendant does business in Alabama and in Calhoun County, and at all times relevant each sold in Alabama and in Calhoun  County, the aforementioned hazardous product, asbestos, or is otherwise subject to this Court's jurisdiction. The defendants do business by agent in this state and county and have caused tortious injury in this state and county by manufacturing and selling a dangerous and defective product. Each defendant, acting directly or by agent, is legally responsible to Plaintiffs as a consequence of that defendants' (A) transacting any business in this state, (B) contracting to supply services or goods in this state, (C) causing tortious injury or damage by an act or omission in this state, (D) causing tortious injury or damage in this state by an act or omission outside this state and the defendant regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state, (E) causing injury or damage in this state to a person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the defendant might reasonably have expected

such other person to use, consume, or be affected by the goods in this state, and the defendant also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state, and otherwise had or has some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the defendant to come to this state to defend an action. The amount in controversy in this civil action exceeds the jurisdictional minimum for the Circuit Courts. This Court has jurisdiction hereof both as to the subject matter and in personam.

## II. STATEMENT OF BACKGROUND FACTS - PLAINTIFFS

4.      Plaintiff's decedent, Ray Franklin contracted one or more asbestos-related diseases including Asbestosis. The Plaintiff's decedent, Ray Franklin was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein throughout his employment, and in his environment while employed. During the course of his employment, the Plaintiff's decedent, Ray Franklin, worked from approximately 1978 to June, 2009. He worked in various places of employment, as a mechanic. During the course of his employment, he changed brake shoes, whose brake dust contained significant amounts of asbestos-containing products and materials which floated throughout the workplace, as a mechanic changing clutch plates, the dust from the clutch plates, which contained significant amounts of asbestos-containing products and materials, floated throughout the workplace.

5.      Plaintiff's decedent, Ray Franklin has now been diagnosed with Asbestosis.

6.      On or about May, 2010, the Plaintiff's decedent, Ray Franklin, received an

injury or injuries arising out of and in the course of plaintiff's employment, he discovered this in April, 2011, when he received confirmation from his doctor that he had Asbestosis.

7.       As a direct and proximate result of Plaintiff's decedent, Ray Franklin's, said injuries, the he suffered both temporary total disability and a permanent loss earning capacity and eventually total disability as a result of permanent loss of use of his lung capacity, of which is said by the doctors to be inevitable, and finally, on October 23, 2011, died as a result of said injuries.

8.       As a further direct and proximate result of Plaintiff's decedent, Ray Franklin's said injuries, the he was caused to need and to obtain medical care and treatment and incur expenses for such care and treatment.

9.       Plaintiff Donna Franklin is also entitled to compensation for loss of consortium. As a proximate consequence of the negligence, recklessness, and wantonness and other actionable conduct of the Defendants,  Plaintiff's decedent, Ray Franklin was seriously injured and has suffered both temporary total disability and a permanent loss earning capacity and eventually total disability as a result of permanent loss of use of his lung capacity, and on October 23, 2011, death.  Plaintiff Donna Franklin is the wife of Ray Franklin and is entitled by law to such damages as would reasonably compensate the Plaintiff Donna Franklin for damages sustained by loss of her husband's consortium, including help, love, companionship, affection, society, comfort, solace, support, relations and services.   Plaintiffs also suffered substantial medical, hospital and other related damages, lost wages, loss of income, disability, loss of consortium, property damage and loss of  use, and other loss, cost and expenses, for which Plaintiff Donna Franklin is entitled to recover from Defendants under applicable law.

### III. STATEMENT OF BACKGROUND FACTS -DEFENDANTS

10.     The Plaintiffs adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

11.     The term "Producer Defendant" refers to each and every one of those defendants which produced and/or manufactured asbestos-containing products and/or materials and placed the asbestos-containing products and/or materials into the stream of commerce.

12.     The following defendants are "Producer Defendants". (The asbestos containing products produced by each defendant that have been identified at plaintiffs workplaces, during his employment years there, are set out hereinbelow).

13.     **CATERPILLAR INCORPORATED** is a Delaware corporation whose principal place of business is 1209 Orange Street, Wilmington, DE 19801.

14.     **CARLISLE COMPANIES INCORPORATED** is a North Carolina corporation whose principal place of business is 11605 N. Community House Road, Suite 600, Charlotte, NC 28277.

15.     **FEDERAL- MOGUL CORPORATION** is a Michigan corporation whose principal place of business is 26555 Northwestern Highway, Southfield, MI 48033.

16.     **HONEYWELL INTERNATIONAL, INCORPORATED** is a Delaware corporation whose principal place of business is 1209 Orange Street, Wilmington, DE 19801.

17.    Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's adjunct or instrumentality.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S INJURY

18.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

19.    The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

20.    Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

21.    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious

health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

22.     Plaintiff's decedent, Ray Franklin was injured as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

A.     Producing and/or manufacturing and placing into the stream of commerce asbestos- containing products and/or materials.

B.     Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

C.     Specifying the use of asbestos-containing products and/or materials on equipment, including both, equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants, and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

D.     Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

E.     Failing to properly design and manufacture asbestos-containing products and/or materials.

F.     Failing to properly test asbestos-containing products and/or materials before

they were released for consumer use.

G.      Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

H.      Failing to specify for use on equipment safe substitutes for asbestos containing products and/or materials.

I.      Failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

J.      Failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiffs from being harmed and disabled by exposure to asbestos-containing products and/or materials.

K.      Failing to take precautions to protect Plaintiffs from exposure to asbestos-containing products and/or materials while Plaintiff was an invitee on premises occupied, controlled, and/or owned by the Defendants.

L.      Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

M.      Failing to take reasonable precautions or to exercise reasonable care to

publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

N.   Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

O.   Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

P.   Specifically disregarding the safety of Plaintiffs and fraudulently concealing from Plaintiffs the dangerous nature of the asbestos fibers to which Plaintiffs was exposed.

Q.   Otherwise (a) causing and/or contributing to cause Plaintiffs to be exposed to asbestos-containing products and/or materials and/or (b) failing to prevent Plaintiffs from being secondarily exposed to asbestos-containing products and/or materials.

The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiff's decedent, Ray Franklin, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

23.   The Plaintiff adopts, alleges, and incorporates herein by reference

all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

24.     The initial cause of action for personal injury is grounded in the Alabama Extended Manufacturer's Liability Doctrine.

25.     The asbestos-containing products and/or materials to which Plaintiff's decedent, Ray Franklin was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

A.     The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

B.     The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

26.     The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiff's decedent, Ray Franklin was exposed and suffered grave and progressive bodily injuries.

27.     The Defendants knew or should have known in the exercise of ordinary care and diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to recall the

asbestos-containing products and/or materials. The Defendants thus allowed Plaintiff's decedent, Ray Franklin to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiff's decedent, Ray Franklin from asbestos exposure, as a proximate result of which Plaintiff's decedent, Ray Franklin suffered grave and progressive bodily injury.

## COUNT TWO

### Negligence and Intentional Tort

28.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

29.    The second cause of action for personal injury is grounded in legal theories of negligence and wantonness and intentional tort.

30.    The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

31.    The Defendants reached an agreement or understanding to inflict a wrong against  Plaintiff's decedent, Ray Franklin and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries to Plaintiff's decedent, Ray Franklin. In short, the Defendants formulated a preconceived plan with unity of design and purpose to misrepresent, conceal and/or

destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

32.    The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the negligent and wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

33.    The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiff's decedent, Ray Franklin and others about the health hazards of asbestos.

34.    Plaintiff's decedent, Ray Franklin and others similarly situated were the targets of the intentional acts of deception and misrepresentation, negligence and wantonness.

35.    In particular, the Defendants, acting through their own medical departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

36.    Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to

destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

37.     Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

38.     The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently and wantonly, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and coconspirators not sued herein with whom they acted in concert.

39.     As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that asbestos-containing products and/or materials were used in virtually every brake shoe, and clutch plate, in the United States and a large part of the rest of the industrialized world, (c) that safe substitutes were not developed by industry until after asbestos-containing products and/or materials had already been made and distributed by the Defendants, and (d) that a large number of people who have come into contact with asbestos-containing products and/or

materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

40.     Plaintiff's decedent, Ray Franklin was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the negligent and wanton conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials. Plaintiff's decedent, Ray Franklin was caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, was exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries, including death.

## COUNT THREE

### Negligence in the Course of Employment

41.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

42.     The third cause of action for personal injury is grounded in a legal theory of negligence and intentional tort.

43.     Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers. The Defendants knew or should have known that Plaintiff's decedent, Ray Franklin, in the course of his employment, was being exposed to asbestos-containing products and/or materials which would injure Plaintiff, and the Defendants

owed a duty of care to Plaintiff to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

44.     The Defendants specifically disregarded the safety and health of Plaintiff's decedent, Ray Franklin and failed to protect him from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn him that he was being exposed to dangerous asbestos containing products, and by (b) failing to remove the dangerous asbestos containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

45.     The Defendants further concealed from Plaintiff's decedent, Ray Franklin the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed in his work environment.

46.     As a proximate result of the conduct of the Defendants, Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers which caused him grave bodily injury, including death.

## COUNT FOUR

## Fraudulent Concealment / Misrepresentation /Alteration of Medical Studies

## /Conspiracy /Aiding and Abetting Conspiracy

47.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

48.     Defendants used a number of trade and industrial hygiene associations to

further the goals of their conspiracy to control the dissemination of research and information regarding the hazards of asbestos and other substances to lend an air of independence and legitimacy to the information which was published, albeit in edited form.

49.    Defendants named herein, individually and/or as successors-in-interest of other corporations, and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufactures and distributors to injure Plaintiff's decedent, Ray Franklin.

50.    As a proximate result of the conduct of the Defendants, Plaintiff's decedent, Ray Franklin was exposed to dangerous and carcinogenic asbestos fibers which caused him grave bodily injury, including death.

## COUNT FIVE

### Product Liability, Combined and Concurring Negligence,

### Intentional Tort and Conspiracy

51.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding and following paragraphs of this complaint as if fully set forth herein.

52.    The fifth cause of action is based on legal theories of product liability, combined and concurring negligence, intentional tort, and conspiracy.

53.    As a result of Defendants' actions, Plaintiff's decedent, Ray Franklin was exposed to unreasonably dangerous, defective, negligently manufactured and marketed

asbestos containing products and/or materials, which caused grave and progressive bodily injury to Plaintiff's decedent, Ray Franklin.

54.    Plaintiffs assert that they have filed suit either within the applicable state statute of limitations period, and/or that their claims are timely as a matter of law pursuant to 42 U.S.C. § *9658,* a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § *9658(b)(4)(A).* The provision"'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... ' " *Kowaiski v. Goodyear Tire and Rubber Co.,* 841 F. Supp. 104, 107 (W.D.N.Y. 1994)(quoting *Soo Line Ry. Co. v. B.J. Carney & Co.,* 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id.* at 107-08.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff   Donna   Franklin, Individually and as Personal Representative of the Estate of Ray Franklin,  demands judgment jointly and severally against all of the Defendants in an amount to be assessed by the Court as proper and just, together with all special and general damages, plus punitive damages,  permitted under applicable law as the Court deems proper and just.

**/s/ Thomas J. Knight**
Thomas J. Knight
Attorney for Plaintiffs
HUBBARD & KNIGHT
1125 Noble Street
Anniston, Alabama 36201
Phone: 256-237-9586
Facsimile: 256-237-9594
email: hubbardknight@msn.com

**/s/ Steve R. Morris**
Steve R. Morris
Attorney for Plaintiff
P.O. Box 814
Wedowee, Alabama 36278
Phone: (256) 357-9222
Facsimile: 256-237-9594
email: stevemorrislaw@yahoo.com

**Defendants may be served at the following addresses:**

Caterpillar Incorporated
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama  36104

Carlisle Corporate Headquarters
11605 N. Community House Rd.
Suite 600
Charlotte, NC 28277

Honeywell International, Inc.
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Federal-Mogul Corporation
CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>11-CV-2013-900183.00 |
|---|---|---|

IN THE CIVIL COURT OF CALHOUN, ALABAMA
DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO   CATERPILLAR INCORPORATED, C/OC T CORPORATION SYSTEM 2 NORTH JACKSON ST,STE605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DONNA FRANKLIN
pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s THOMAS JAMES KNIGHT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____         _____
Date                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
|---|---|---|

### IN THE CIVIL COURT OF CALHOUN, ALABAMA
### DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO ___CARLISLE COMPANIES INCORPORATED, 11605N COMMUNITY HOUSE RD SUITE 600, CHARLOTTE, NC 28277___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of ___DONNA FRANKLIN___
pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested  /s THOMAS JAMES KNIGHT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                            Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
|---|---|---|

IN THE CIVIL COURT OF CALHOUN, ALABAMA
DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

NOTICE TO    HONEYWELL INTERNATIONAL, INC., CSC LAWYERS INC. SVC. INC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DONNA FRANKLIN
   pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s THOMAS JAMES KNIGHT

       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2013-900183.00 |
|---|---|---|

IN THE CIVIL COURT OF CALHOUN, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL

FEDERAL-MOGUL CORPORATION, CSC LAWYERS INC. SVC. INC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY THOMAS JAMES KNIGHT

WHOSE ADDRESS IS 1125 NOBLE STREET, ANNISTON, AL 36201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  DONNA FRANKLIN
pursuant to the Alabama Rules of the Civil Procedure

| 3/29/2013 11:32:49 AM | /s ELI HENDERSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s THOMAS JAMES KNIGHT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                Server's Signature



AlaFile E-Notice

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  KNIGHT THOMAS JAMES
hubbardknight@msn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/11/2013

D004 FEDERAL-MOGUL CORPORATION

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



AlaFile E-Notice

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  MORRIS STEVEN ROBERT
     stevemorrislaw@yahoo.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/11/2013

D004 FEDERAL-MOGUL CORPORATION
CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



AlaFile E-Notice

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  KNIGHT THOMAS JAMES
     hubbardknight@msn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/12/2013

D002 CARLISLE COMPANIES INCORPORATED

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



AlaFile E-Notice

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  MORRIS STEVEN ROBERT
     stevemorrislaw@yahoo.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/12/2013

D002 CARLISLE COMPANIES INCORPORATED

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



AlaFile E-Notice

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  KNIGHT THOMAS JAMES
hubbardknight@msn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/11/2013

D003 HONEYWELL INTERNATIONAL, INC.

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



**AlaFile E-Notice**

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  MORRIS STEVEN ROBERT
     stevemorrislaw@yahoo.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/11/2013

D003 HONEYWELL INTERNATIONAL, INC.

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CARLISLE COMPANIES INCORPORATED
11605N COMMUNITY HOUSE RD
SUITE 600
CHARLOTTE, NC 28277

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                              ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☑ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0002 4908 7902

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Eli Henderson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FEDERAL-MOGUL CORPORATION
CSC LAWYERS INC. SVC. INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0002 4908 7926

PS Form 3811, February 2004    Domestic Return Receipt    CW2013-900183    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Eli Henderson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HONEYWELL INTERNATIONAL, INC.
CSC LAWYERS INC. SVC. INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Avery Harris

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0002 4908 7919

CV2013-900183

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

Eli Henderson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201



**AlaFile E-Notice**

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  KNIGHT THOMAS JAMES
    hubbardknight@msn.com

## NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/16/2013

D001 CATERPILLAR INCORPORATED C/O CT CORPORATION

CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov



**AlaFile E-Notice**

11-CV-2013-900183.00

Judge: HON JOHN C THOMASON

To:  MORRIS STEVEN ROBERT
     stevemorrislaw@yahoo.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA FRANKLIN V. CATERPILLAR INCORPORATED ET AL
11-CV-2013-900183.00

The following matter was served on 4/16/2013

D001 CATERPILLAR INCORPORATED C/O CT CORPORATION
CERTIFIED MAIL

ELI HENDERSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREEt
ANNISTON, AL 36201

256-231-1750
james.henderson@alacourt.gov

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CATERPILLAR INCORPORATED
C/OC T CORPORATION SYSTEM
2 NORTH JACKSON ST,STE605
MONTGOMERY, AL 36104

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Dave Vaughn_     ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

                                   4-16-13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1640 0002 4908 7896

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

CV 2013 - 900103

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Eli Henderson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201