# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DONNA FRANKLIN, etc.,** )  )  Plaintiff, )  )  vs. )  )  **CATERPILLAR INC., et al.,** )  )  Defendants. ) | Case No. 1:13-cv-00888-RBP |

## CATERPILLAR'S MOTION TO STRIKE

Defendant Caterpillar Inc. ("Caterpillar") respectfully moves this Court to strike the affidavits of Donna Franklin and Beverly Olds, submitted by Plaintiff with her Response and Opposition to Motions for Summary Judgment ("Plaintiff's Response"). In support of this motion, Caterpillar states:

### Affidavit of Donna Franklin

1.  The affidavit of Plaintiff Donna Franklin contains the following statement that is due to be stricken:

> None of those houses [in which Ray Franklin resided] had any Asbestos in them to the best of my knowledge. Ray did not work with any Asbestos at home or in any hobby that he ever had. He was eventually diagnosed in 2010, as having Asbestosis, and there is no other place that I know of that he could have gotten the exposure to Asbestos, other than from his jobs.

(Affidavit of Donna Franklin, unnumbered paragraph 3, Exhibit B to Plaintiff's Response).

1

2. On the face of the statement, it is apparent that Ms. Franklin is guessing whether Ray Franklin was exposed to asbestos during his career as a diesel mechanic. She fails to identify any reliable facts or personal knowledge upon which the statement is made. In fact, she has no basis in fact to conclude that Franklin was not exposed to asbestos outside of his employment as a mechanic.

3. Absent admissible supporting evidence, Plaintiff Dona Franklin's speculative opinion that her late husband was exposed to asbestos, from unknown products and during unspecified periods of his career, is inadmissible and due to be stricken from the record on summary judgment. Fed. R. Evid. 602. Moreover, any such lay opinion is not rationally based on the witness's perception, is not based on scientific or specialized knowledge, and is inadmissible. Fed. R. Evid. 701.

### Affidavit of Beverly Olds

4. The affidavit of co-worker Beverly Olds contains the following statements that are due to be stricken:

> A big part of any mechanic's job was to change and repair brake shoes, clutches, and gaskets, all of which contained asbestos. … This dust contained significant amounts of asbestos from products and materials made with asbestos, like the brake shoes, gaskets and clutches. This dust floated throughout the work bays constantly, exposing all of us who worked there to the asbestos fibers.
>
> . . .
>
> … All of the mechanics, including Ray, worked on private equipment that was very old. Those old gaskets were difficult to get off and would have to be ground out, and blown out by an air hose. The

> asbestos dust would fill the air in the whole shop when we were working on those gaskets.
>
> Ray Franklin worked at Thompson Tractor Company, Inc., in that asbestos filled environment, for fourteen years.

(Affidavit of Beverly Olds, unnumbered paragraphs 7-9, Exhibit C to Plaintiff's Response).

5. First, it must be noted, that Mr. Olds' deposition testimony clearly establishes Caterpillar did not manufacture or supply the clutches and brake shoes used by truck engine mechanics such as Ray Franklin. *See* Doc. 27, Caterpillar Exhibit 2 (Olds depo. II) at pp. 52, 104 and Caterpillar Exhibit 6 (Olds depo. I) at pp. 56-58, 97).

6. With respect to engine gaskets that Franklin may have removed and installed as a truck engine mechanic at Thompson, Mr. Olds previously admitted in deposition that he does not know whether Franklin ever removed a Caterpillar engine gasket that contained asbestos. *See* Doc. 27, Caterpillar Exhibit 2 (Olds depo. II) at pp. 52-53 and Caterpillar Exhibit 6 (Olds depo. I) at pp. 17, 44-45, 68-69, 93-95. Similarly, Mr. Olds has already admitted in deposition that the majority of the engine gaskets that he and Franklin may have removed while at Thompson were less than five years old. *See* Doc. 27, Caterpillar Exhibit 2 (Olds depo. II) at pp. 156-57.

7. The Eleventh Circuit recognizes that a witness "cannot create a genuine issue of material fact by filing an affidavit that contradicts his earlier deposition

3

testimony." *Roddy v. City of Villa Rica, Ga.*, 536 Fed. Appx. 995, 1002 (11th Cir. 2013) (citing *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003)). A district court must strike and disregarded the affidavit of a non-party when it clearly conflicts with deposition testimony given by that non-party witness in the same case where the subsequent recollection is implausible. *Santhuff v. Seitz*, 385 F. Appx. 939, 944-945, 2010 U.S. App. LEXIS 13783 (11th Cir. 2010). According to the Eleventh Circuit, "a sham is a sham," and when the conflict between the non-party's affidavit and his deposition testimony was "so direct and his explanation for the conflict was so implausible that it would defy logic not to apply the sham rule." *Id.*

8. Not only are the statements in Mr. Olds' affidavit concerning alleged exposure to asbestos from engine gaskets opposite of his deposition testimony, he has failed to provide any explanation, much less a sufficient explanation, for the inconsistency.

9. Moreover, the statements in Mr. Olds' affidavit that he and Franklin were exposed to dust from asbestos-containing gaskets while working as truck engine mechanics at Thompson are pure guesswork and not based on any personal knowledge. The fact that a truck containing a Caterpillar diesel engine was nine or ten years old or had one million miles at the time of the repair, does not establish the age or composition of the gasket being removed from the truck engine. Any alleged

4

"old" truck engine may have been serviced and repaired many times over its life before a Thompson mechanic laid hands on it, the engine may no longer contain any OEM gaskets, and the engine gaskets being removed by a Thompson mechanic could be non-Caterpillar replacement parts. Simply put, neither Mr. Olds' affidavit nor his deposition testimony establishes any facts that prove the age of an engine gasket being removed, whether Caterpillar supplied the gasket being removed, or whether the gasket being removed contained asbestos. For these additional reasons, Mr. Olds' affidavit is wholly speculative, not based on personal knowledge, contains inadmissible lay opinions, and is due to be stricken. Fed. R. Evid. 602 and 701.

WHEREFORE, premises considered, Defendant Caterpillar Inc., respectfully moves this Court to strike the Affidavits of Donna Franklin and Beverly Olds, attached as Exhibits B and C to Plaintiff's Response and Opposition to Motions for Summary Judgment

/s/ William L. Waudby
Attorney for Defendant,
Caterpillar Inc.

Of Counsel:

William L. Waudby
D. E. "Brad" Buck, III
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1400

Birmingham, AL  35203
bwaudby@bakerdonelson.com
(205) 244-3894 – direct telephone
(205) 488-3737 – direct fax

## Certificate of Service

    I hereby certify that on August 25, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Alabama using the CM/ECF system, which will provide notification to all counsel of record.

                                         /s/ William L. Waudby
                                         Of Counsel